# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| STUART WES ALLEN | § | |
| | § | |
| V. | § | A-09-CA-022-SS |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Dept. of | § | |
| Criminal Justice-Correctional | § | |
| Institutions Division | § | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

To:     The Honorable Sam Sparks, United States District Judge

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Petitioner's Application for Habeas Corpus under 28 U.S.C. § 2254 (Document 1); Respondent's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Document 9); Petitioner's response thereto (Document 11); and Petitioner's Motion for Discovery (Document 6). Petitioner, proceeding pro se, has been granted leave to proceed in forma pauperis. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be denied.

## STATEMENT OF THE CASE

According to Respondent, the Director has custody of Petitioner pursuant to a judgment and sentence of the 331st Judicial District Court of Travis County, Texas, in cause number 75941, styled The State of Texas v. Stuart Wes Allen. In that case, Petitioner was found guilty of burglary of a

habitation and was sentenced to 25 years in prison on November 1, 1984. Petitioner was subsequently released on mandatory supervision.

On July 26, 2007, after pleading guilty pursuant to a plea bargain, Petitioner was convicted of possession of a controlled substance: methamphetamine less than one gram and was sentenced to 180-days in jail with jail time credit from April 24, 2007 to July 26, 2007. According to Petitioner, this conviction was used to revoke his mandatory supervision.

Petitioner argues his attorney misadvised him with regard to his guilty plea in 2007. Petitioner asserts his attorney told him he would only be convicted of a misdemeanor. Petitioner explains his mandatory supervision could only be revoked if he was convicted of a felony. Petitioner further argues the trial court erred in failing to grant Petitioner's motion for nunc pro tunc order or to withdraw his plea bargain and guilty plea, after he explained to the court that he thought he had pleaded guilty to a misdemeanor.

Respondent moves to dismiss Petitioner's application for habeas corpus relief. Respondent argues the Court lacks jurisdiction over this matter, because Petitioner discharged his 180-day sentence prior to filing his federal application for habeas corpus relief. Respondent contends Petitioner is no longer in custody pursuant to his conviction for possession of a controlled substance.

## DISCUSSION AND ANALYSIS

**A.**    **Jurisdiction**

A petitioner meets the jurisdictional "in custody" requirement if the habeas petition could be construed as asserting a challenge to the sentence presently being served as enhanced by the prior conviction, for which the petitioner is no longer in custody. See Lackawanna County Dist. Att'y v. Coss, 532 U.S. 394, 401-02 (2001). " '[I]n custody' does not necessarily mean 'in custody for the

offense being attacked.' Instead, jurisdiction exists if there is a positive, demonstrable relationship between the prior conviction and the petitioner's present incarceration." Sinclair v. Blackburn, 599 F.2d 673, 676 (5th Cir. 1979) (citation omitted). In Williams v. Dretke, No. 05-20303, 2006 WL 707135 (5th Cir. 2006), the petitioner filed a § 2254 habeas petition which challenged a guilty-plea conviction of possession of cocaine for which petitioner had received a sentence of only 180 days. The United States District Court for the Southern District of Texas dismissed the habeas petition because Williams' sentence expired before he filed his federal petition. In Williams' request for a certificate of appealability he argued that as a result of the cocaine conviction, his parole had been revoked and therefore, "he is in custody based on his conviction for possession of cocaine because this conviction was the sole reason used by the Parole Board to revoke his 1986 parole." Williams, 2006 WL 707135 at *1. The Fifth Circuit determined that the court's record did not support the district court's dismissal of Williams' habeas petition on the grounds that he was not "in custody" as a result of his conviction for possession of cocaine. Id.

As in Williams' case, the record does not support Respondent's contention that Petitioner is not "in custody" as a result of his conviction for possession of methamphetamine. Accordingly, Respondent's Motion to Dismiss for Want of Jurisdiction should be denied.

**B.     The Antiterrorism and Effective Death Penalty Act of 1996**

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 ["AEDPA"],[1] which radically altered the standard of review by this Court in federal habeas corpus proceedings filed by state prisoners pursuant to Title 28 U.S.C. § 2254. Under the AEDPA's new standard of review, this Court cannot grant Petitioner federal habeas corpus relief

---

[1] Pub.L. No. 104-132, 110 Stat. 1214 (1996).

in this cause in connection with any claim that was adjudicated on the merits in state court proceedings unless the adjudication of that claim either (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding, 28 U.S.C. § 2254(d)(1)-(2).

The "contrary to" requirement "refers to the holdings, as opposed to the dicta, of ... [the Supreme Court's] decisions as of the time of the relevant state-court decision." Dowthitt v. Johnson, 230 F.3d 733, 740 (5th Cir. 2000) (quoting (Terry) Williams v. Taylor, 529 U.S. 362, 120 S. Ct. 1495, 1523 (2000)). The inquiry into whether the decision was based on an "unreasonable determination of the facts" constrains a federal court in its habeas review due to the deference it must accord the state court. See id.

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by ... [the Supreme Court] on a question of law or if the state court decides a case differently than ... [the Supreme Court] has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from ... [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Id. at 740-41.

Section 2254(d)(2) speaks to factual determinations made by the state courts. See 28 U.S.C. § 2254(e)(1). While we presume such determinations to be correct, the petitioner can rebut this presumption by clear and convincing evidence. See id. Absent an unreasonable determination in light of the record, we will give deference to the state court's fact findings. See id. § 2254(d)(2).

4

### 1. Ineffective Assistance of Counsel

In his first ground for relief, Petitioner argues that he was denied effective assistance of counsel. Petitioner raised this same issue in his state application for habeas corpus relief. The state courts rejected the merits of Petitioner's claim. As such, the AEDPA limits the scope of this Court's review to determining whether the adjudication of Petitioner's claim by the state court either (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Ineffective assistance of counsel claims are analyzed under the well-settled standard set forth in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984):

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant can make both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

Id. at 687, 104 S. Ct. at 2064. In deciding whether counsel's performance was deficient, the Court applies a standard of objective reasonableness, keeping in mind that judicial scrutiny of counsel's performance must be highly deferential. Id. at 686-689, 104 S. Ct. 2064-65. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Id. at 689, 104 S. Ct. at 2065. "Because of the

difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. (Citation omitted). Ultimately, the focus of inquiry must be on the fundamental fairness of the proceedings whose result is being challenged. Id. at 695-97, 104 S. Ct. at 2069. Accordingly, in order to prevail on a claim of ineffective assistance of counsel, a convicted defendant must show that (1) counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. at 687, 104 S. Ct. at 2064.

> On state habeas review, trial counsel provided the court with her affidavit, stating:
>
> I informed Mr. Allen on several occasions that prosecutor Eric McDonald was unwilling to give him a misdemeanor. Mr. Allen repeatedly requested a misdemeanor and Mr. McDonald repeatedly refused to offer such. Mr. McDonald's reasons included the fact that while Mr. Allen was on parole he had picked up several misdemeanors over the years. Because of that, Mr. McDonald repeatedly denied my request for a misdemeanor given Mr. Allen's criminal history. On July 26, 2008 I informed Mr. Allen that Mr. McDonald had relented a little bit and offered him misdemeanor time of 6 months Travis County jail under a 12:44 but that he would still be pleading to a felony. At that time he agreed to take that offer and it was plead as such. At no time during the entering of the plea did Judge Flowers, myself or the prosecutor Eric McDonald, indicate that Mr. Allen's charge was being reduced down to a misdemeanor. Mr. Allen entered his plea in court both verbally and in writing[.] In fact, Mr. Allen initialed the plea form indicating he was pleading to a felony and also signed the plea form showing that he had gone over the document with his attorney and understood it.

Ex parte Allen, No. 70,623-02 at 40. The state habeas court found counsel's affidavit to be credible. Id. at 41. The state court specifically found that trial counsel did not misinform Petitioner that he was pleading to a misdemeanor conviction. Id. The state court also pointed out that the plea papers accurately reflected that Petitioner pleaded guilty to a state jail felony. Id. The court concluded that

Petitioner was not deprived of any constitutional rights. Id. Obviously, the state habeas court made a credibility determination and found counsel more credible than Petitioner. Petitioner has failed to rebut the state habeas court's findings with clear and convincing evidence.

Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence. Accordingly, the Court is of the opinion that 28 U.S.C. § 2254, as amended by the AEDPA, bars habeas corpus relief on Petitioner's claim that he received ineffective assistance of trial counsel.

### 2. Trial Court Error

In his next ground for relief, Petitioner argues the trial court erred in refusing to grant his September 20, 2007 motion for nunc pro tunc order or motion to withdraw his plea. The basis of Petitioner's motion was that he misunderstood his plea and thought he was pleading guilty to a misdemeanor. Petitioner's claim is not cognizable in his federal application for habeas corpus relief. The United States Supreme Court has held repeatedly that "federal habeas corpus relief does not lie for errors of state law." See, e.g., Estelle v. McGuire, 502 U.S. 62, 112 S. Ct. 475 (1991).

Moreover, under Texas law, the entry of a nunc pro tunc order will only cure a clerical error. Jiminez v. State, 953 S.W.2d 293, 295 (Tex. App. – Austin 1997, pet. ref'd). An error is clerical in nature if it did not involve judicial reasoning in its making. See English v. State, 592 S.W.2d 949, 955-56 (Tex. Crim. App. 1980) (holding that trial court was authorized to correct error by nunc pro tunc order overruling motion for new trial when the trial court had mistakenly signed an order granting a new trial). In Petitioner's case there was no error in the judgment. The trial court's judgment accurately reflects that Petitioner pleaded guilty to the state jail felony of possession of a

controlled substance on July 27, 2007. Accordingly, the trial court did not err in refusing to grant the motion for nunc pro tunc order.

The trial court also did not err in refusing to grant Petitioner's motion to withdraw his guilty plea. As explained above, the trial court found Petitioner was not misinformed with regard to his plea. Accordingly, Petitioner's motion was without merit.

**C.     Motion for Discovery**

Petitioner requests the Court to order Respondent to provide the Court with: (1) the transcript of the guilty plea hearing, so he can show why he was confused about his plea; (2) copies of the trial court's docket to show all of the dates Petitioner rejected the state's felony plea offers; (3) a copy of his Motion to Enter Judgement and Sentence Nunc Pro Tunc/Motion to Withdraw his Plea Bargain, filed on September 20, 2007; (4) a copy of the formal grievance he filed with the State Bar of Texas against his attorney with regard to the plea bargain; and (5) a copy of his Motion to Reopen his revocation hearing.

A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of course. Bracy v. Gramley, 520 U.S. 899, 904, 117 S. Ct. 1793 (1997). The habeas petitioner is entitled to discovery only where "good cause" is shown. Id. The Supreme Court has held that good cause is shown where "specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is confined illegally and is therefore entitled to relief." Harris v. Nelson, 394 U.S. 286, 300, 89 S. Ct. 1082 (1969). On the other hand, "[c]onclusionary allegations are not enough to warrant discovery under Rule 6 of the Federal Rules Governing Section 2254 Petitions; the petitioner must set forth specific allegations of fact. Rule 6 . . . does not authorize fishing expeditions." Ward v. Whitley, 21 F.3d

1355, 1367 (5th Cir. 1994) (citations omitted); see also Murphy v. Johnson, 205 F.3d 809, 814 (5th Cir .2000) (finding no abuse of discretion).

Petitioner has failed to show good cause why discovery should be permitted in this case. The documents requested by Petitioner would be insufficient to rebut the state habeas court's findings that counsel did not misinform Petitioner that he was pleading to a misdemeanor conviction or that the plea papers signed by Petitioner accurately reflect that Petitioner pleaded guilty to a state jail felony. Accordingly, Petitioner's motion should be denied.

## RECOMMENDATION

It is recommended that Respondent's Motion to Dismiss [#9]; Petitioner's Motion for Discovery [#6] and Petitioner's application for writ of habeas corpus [#1] be denied.

## OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 8th day of June, 2009.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE